UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE ANTHONY BERRY

      Plaintiff,                                 HON.
                                              CASE NO.

v.

POLICE OFFICER BILLIE L. BYRD, In his
Individual, POLICE OFFICER MICHAEL Z. ELHAGE, In his
Individual and official capacity, and THE CITY OF
DETROIT, A Municipal Corporation Jointly and Severally,

      Defendants,
_____/
BRANDON MCNEAL (P81300)
KHAMO LAW PLLC
Attorney for Plaintiff
1120 East Long Lake Road,
Suite 250 Troy, Michigan 48085
(248)-466-0606 / (248)-466-0605 (Fax)
brandon@khamolaw.com
_____/

## COMPLAINT and JURY DEMAND

There is no other pending or resolved cases between these parties or other parties arising from the transaction or occurrence alleged in the complaint.

                      /s/ Brandon McNeal____
                      Brandon McNeal (P81300)

**NOW COMES** the Plaintiff Jermaine Anthony Berry, by and through his attorney

Brandon McNeal, and for his complaint against the Defendants states as follows:

## PARTIES

1.     At all pertinent times, Plaintiff was a resident of Wayne County, and a citizen of the State

      of Michigan.

2.   Defendants Officers Billie L. Byrd and Michael Z. Elhage (hereafter Individual Defendants) were citizens of the State of Michigan, and at all pertinent times worked and was employed by Defendants City of Detroit, a Michigan municipality, as police officers in Wayne County.

## JURISDICTION and VENUE

3.   Individual Defendants were at all pertinent times employed as police officers and acting under color of state law and pursuant to customs, policies and practices of Defendants City of Detroit.

4.   The Plaintiff brings this action under the Constitution of the United States and under 42 USC 1983, and state law.

5.   The actions giving rise to this complaint arose entirely within Wayne County, Michigan on or around September 11, 2021.

6.   The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000).

## FACTUAL ALLEGATIONS

7.   Individual Defendants encountered Plaintiff lawfully sitting in the passenger side of a blue Chevrolet Tahoe that was parked in a driveway on or about September 11, 2021, in the City of Detroit.

8.   While the Individual Defendants were approaching the Plaintiff's location, Individual defendant Byrd stated that "I will snatch his bitch ass up" and he followed up with saying "I will taze his ass, I don't give a fuck."

9.   As the Individual Defendants arrived at the property, they began to search the property and looked through parked vehicles while Plaintiff verbally objected to the search.

2

10. Individual Defendant Elhage then opened the passenger door, pulled Plaintiff out of the blue Chevy Tahoe, laid the plaintiff face flat on the ground and pinned the plaintiff with his knee without reasonable suspicion or probable cause.

11. Individual Defendant repeatedly ignored Plaintiff's requests to identify the reason why he was being pulled out of the vehicle.

12. When the plaintiff flipped back on his back, Individual Defendant Elhage grabbed the plaintiff by his neck.

13. While Plaintiff was on the ground surrounded by police officers, Individual Defendants tazed Plaintiff and placed him in handcuffs.

14. Individual Defendant Byrd recovered a handgun from the Blue Chevy Tahoe and indicated that Plaintiff would be arrested for CCW (carrying a concealed weapon) despite Plaintiff having a valid concealed pistol license.

15. Individual Defendants unreasonably detained and unreasonably seized Plaintiff without reasonable suspicion or probable cause.

16. The conduct of the Individual Defendants:

   a. Unreasonably detained and seized Plaintiff in violation of his 4th Amendment rights;

   b. Retaliated against Plaintiff for the exercise of protected speech in violation of his 1st Amendment rights;

   c. Used excessive force in the arrest of Plaintiff in violation of his 4th Amendment rights; and,

   d. Made Plaintiff's condition worse after taking him into their custody or control;

17. As a direct and proximate result of the Defendants' misconduct, the Plaintiff suffered injuries and damages including, but not limited to:

   a. Serious physical injuries and pain and suffering;

   b. Fear, anxiety, humiliation, and shame;

   c. Loss of liberty;

   d. Serious emotional distress;

   e. Economic damages, past and future, including, but not limited to medical expenses and attorney fees.

WHEREFORE, Plaintiff demands judgment against Defendants for whatever amount a jury shall determine together with interests, costs, and attorney fees.

## COUNT I
## 42 USC 1983 AGAINST INDIVIDUAL DEFENDANTS

18. Plaintiff hereby re-alleges and incorporates herein by reference all of the prior paragraphs, as though the same was fully set forth herein word for word.

19. The Individual Defendants' actions were done in their Individual capacities, and under color of state law.

20. The Individual Defendants' actions violated clearly established rights of the Plaintiff including but not limited to:

   a. The right to be free from the use of excessive and unnecessary force (4th Amendment);

   b. The right to have officers stop other officers from violating Constitutional rights in their presence;

   c. The right to be free from the exercise of protected speech (1st Amendment);

4

d. The right to be free from an unlawful stop, unlawful seizure,, and unlawful arrest; and (4th Amendment)

e. The right to procedural and substantive due process and fair treatment during investigation (4th and 14th Amendments);

21. As a direct and proximate result of the Defendants' misconduct, the Plaintiff suffered injuries and damages including, but not limited to:

a. Serious physical injuries and pain and suffering;

b. Fear, anxiety, humiliation, and shame;

c. Loss of liberty;

d. Serious emotional distress;

e. Economic damages, past and future, including, but not limited to medical expenses and attorney fees.

**WHEREFORE**, Plaintiff claims judgment against Individual Defendants in the amount in excess of Seventy-Five Thousand Dollars ($75,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

## COUNT II
## MUNICIPAL LIABILITY AGAINST DEFENDANT CITY OF DETROIT UNDER 42 USC 1983

22. The plaintiff incorporates by reference the allegations set forth in the paragraphs above, as if fully set forth herein.

23. At all times herein, Defendants City of Detroit, with deliberate indifference to the constitutional rights of the Plaintiff and other similarly situated Individuals, established, condoned, promulgated, implemented, and maintained the following customs, policies,

5

and/or practices that was a proximate cause and a moving force in violations of the Plaintiff's rights under the United States Constitution:

a. Routinely continuing wrongful seizures and arrests, retaliations for protected speech, and/or unlawful use of force without reason or justification;

b. Routinely concealing, covering up, and hiding evidence of wrongdoing by law enforcement officers employed by the Defendants City of Detroit;

c. Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to the appropriate and necessary bases for seizures and arrests, and with regard to appropriate use of force;

d. Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to the proper use of force, proper basis for seizures and arrests, and the 1st Amendment;

e. Hiring and/or retaining as law enforcement officers and supervisors certain persons whom the Defendants City of Detroit knew or had actual notice of retaliating against the exercise of protected 1st Amendment rights, unlawful seizures and arrests without reasonable suspicion or probable cause, and/or use of force without reason or justification;

f. Failing to intervene when it knew of improper continuation of use of excessive force;

g. Ratifying, condoning and/or permitting the conduct of Individual Police Defendants.

24. Each of the aforementioned customs, policies, or practices was known to Defendants City of Detroit as highly likely and probable to cause violations of the United States

6

Constitutional rights of Plaintiffs and other individuals subject to unlawful seizures and arrests, use of excessive force, retaliation for protected speech, and each was a moving force in the violations of the Plaintiff's United States Constitutional rights, as set forth herein.

25. As a direct and proximate result of the actions taken by the Defendants, as discussed more fully above, the Plaintiff has suffered severe damages as listed in paragraph 25, and including but not limited to:

a. Pain and suffering, physical injury;

b. Fear, anxiety, humiliation, and shame;

c. Loss of liberty;

d. Serious emotional distress;

e. Economic damages, past and future, including, but not limited to attorney fees

**WHEREFORE**, Plaintiff claims judgment against Defendants Detroit in the amount in excess of Seventy-Five Thousand Dollars ($75,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

Respectfully submitted,

Dated: September 10, 2024

/s/ Brandon McNeal (P81300)
BRANDON MCNEAL (P81300)
KHAMO LAW PLLC
Attorney for Plaintiff
1120 E. Long Lake Road, Suite 250
Troy, MI 48085
248-466-0606 / 248-466-0605 Fax
brandon@khamolaw.com

7

## JURY DEMAND

**NOW COMES** the Plaintiff and demands trial of his cause by jury.

Respectfully submitted,

Dated:  September 10, 2024

/s/ Brandon McNeal (P81300)
BRANDON MCNEAL (P81300)
KHAMO LAW PLLC
Attorney for Plaintiff
1120 E. Long Lake Road, Suite 250
Troy, MI 48085
248-466-0606 / 248-466-0605 Fax
brandon@khamolaw.com